UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JACQUES DODSON, SR.**                                   CIVIL ACTION

**VERSUS**

**RED RIVER BANK, ET AL.**                               NO. 20-00290-BAJ-RLB

### RULING AND ORDER

This foreclosure dispute originated as a *pro se* petition filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. (Doc. 1-8). Red River Bank, one of many Defendants named in the original petition, removed this matter to this Court under 28 U.S.C. § 1441, invoking federal question jurisdiction, 28 U.S.C. § 1331. (Doc. 1 at ¶ 5). Upon *sua sponte* review, however, the Court determines that the petition fails to state a plausible federal claim, or set forth any alternative basis to establish jurisdiction. Accordingly, the Court lacks subject matter jurisdiction, and this action will be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, pursuant to 28 U.S.C. § 1447(c).

**I.    ANALYSIS**

    **A. Standard**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). This Court has a continuing obligation to examine the basis of its

jurisdiction. *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). "The issue may be raised by parties, or by the court *sua sponte,* at any time." *Id.*

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." The question of "removal jurisdiction [is determined] on the basis of claims in the state court complaint as it exists at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Relevant here, federal question jurisdiction under 28 U.S.C. § 1331 requires a plausible federal claim appearing on the face of the complaint. *See Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010). Stated differently, jurisdiction is lacking—and remand is required—when the alleged federal claim is "frivolous or insubstantial …, *i.e.*, a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision." *See id.* (quotation marks and alterations omitted); *e.g.*, *Willis v. McCoy*, 1 F.3d 1237, 1993 WL 310295 at *1 (5th Cir. 1993) (per curiam) (affirming *sua sponte* dismissal of plaintiff's libel action for lack of federal question jurisdiction).

## B. Discussion

Plaintiff's original *pro se* petition concerns the private foreclosure of two tracts of Plaintiff's land, which occurred pursuant to a state court Petition for Executory Process commenced June 4, 2009 (the "June 4 Petition"). (Doc. 1-8 at ¶¶ 2, 10-11). Plaintiff alleges a long list of grievances against 13 defendants, including multiple lenders, insurers, attorneys, a court-appointed curator, and the East Baton Rouge Sheriff's Office ("EBRSO"). Relevant here, Plaintiff alleges that the EBRSO was unable to properly serve him the June 4 Petition, at which point the state court appointed a curator to represent Plaintiff's interests in the foreclosure proceedings. (*Id.* at ¶¶ 3-4). Plaintiff alleges that, thereafter, "[t]he appointed curator failed to make direct contact with [him] … and the action for executor [sic] process continued," ultimately resulting in seizure and sale of his properties. (*Id.* at ¶ 5, 21).

Based on the foregoing, Plaintiff alleges "inappropriate use of the curator process to deny [him] of his due process rights to participate in the lawsuit related to his property." (*Id.* at ¶ 12). Additionally, without elaborating, Plaintiff asserts "that there may be a claim for damages pursuant to the RICO statute in that all parties colluded against [him] to intentionally deceive him and take his property." (*Id.* at ¶ 14).[1]

---

[1] The Court assumes that Plaintiff is referencing the Racketeering, Influence and Corrupt Organizations Act (RICO), codified at 18 U.S.C. § 1961–1968. Notably, since removal, Plaintiff has amended his petition to "delete … completely" all RICO-related references and allegations. (*See* Docs. 15, 21). Nonetheless, the Court considers this allegation here because

3

On May 14, 2020, Defendant Red River Bank removed to this Court asserting federal question jurisdiction on the basis of Plaintiff's due process claim, and reference to "the RICO statute." (Doc. 1 at ¶¶ 2-3).

Even a cursory review reveals that Plaintiff's purported federal claims lack any plausible basis. First, to succeed on a federal due process claim, Plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Here, Plaintiff does not complain that Louisiana's executory process scheme *itself* violates due process, but instead complains of its application to his specific circumstances. It is settled, however, that erroneous application of a state statute does *not* give rise to a federal due process claim; rather, the plaintiff must allege that the statutory scheme itself violates due process. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982); *see Landry ex rel. Landry v. BAC Home Loans Servicing, L.P.*, No. CIV.A. 12-1046, 2013 WL 1767958, at *5 (E.D. La. Mar. 4, 2013) ("In *Lugar v. Edmonson Oil Co.*, the United States Supreme Court made a distinction between a challenge to the constitutionally of a state statute and a claim for its erroneous application: A challenge to the constitutionality of a state statute is a valid section 1983 claim, the Supreme Court explained, but a claim for its erroneous application is not. Thus, the *Lugar* Court established that the misuse or misapplication of a constitutional state

---

removal jurisdiction is measured against the petition "as it exists at the time of removal." *Cavallini*, 44 F.3d at 264.

4

statute does not state a valid cause of action under section 1983." (citations omitted)). Thus, Plaintiff's federal due process claim must fail and cannot serve as a basis for federal jurisdiction.

This leaves only Plaintiff's vague and unsubstantiated assertion "that there may be a claim for damages pursuant to the RICO statute in that all parties colluded against [him] to intentionally deceive him and take his property." (*Id.* at ¶ 14). "Reduced to its three essentials, a civil RICO claim must involve: (1) a *person* who engages in (2) a *pattern of racketeering activity* (3) connected to the acquisition, establishment, conduct, or control of an *enterprise.*" *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988) (emphasis in original). Here, there is nothing in the petition to substantiate a pattern of racketeering activity, or *any* activity whatsoever involving a criminal enterprise. In short, Plaintiff's RICO claim has no plausible foundation, and also cannot be the basis for federal jurisdiction.[2] *See Young*, 598 F.3d at 188.

In sum, Plaintiff's purported federal due process claim is squarely foreclosed by prior Supreme Court precedent, and his civil RICO claim is frivolous. Without a plausible federal claim, this Court lacks jurisdiction over Plaintiff's action, removal was improper, and remand is required. 28 U.S.C. § 1447(c).

---

[2] The fact that Plaintiff has amended his petition to omit all RICO-related references and allegations obviously reinforces the Court's conclusion that this claim lacks any foundation. (*See* Docs. 15, 21).

5

## II. CONCLUSION

Accordingly,

**IT IS ORDERED** that this action is **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

**IT IS FURTHER ORDERED** that Defendants' pending motions (Docs. 7, 12, 13, 14, 18) are **TERMINATED**, and that this case is **CLOSED**.

Baton Rouge, Louisiana, this 3rd day of March, 2021.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**